**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHECKERS DRIVE-IN RESTAURANTS,<br>        Plaintiff, | CIVIL ACTION |
| v. | |
| JIGNESH PANDYA,<br>        Defendant. | NO.  20-405 |

**MEMORANDUM**

Joyner, J.                                              April  15, 2020

     Presently before the Court is Plaintiff's Motion for
Summary Judgment.  For the reasons that follow, the Motion will
be granted.

**Factual Background**

     This case concerns a motion to confirm an arbitration
award.  Plaintiff Checkers Drive-In Restaurants entered into
numerous franchise agreements with forty-five companies
controlled by Defendant Jignesh Pandya, thus permitting
Defendant's companies to operate Checkers and Rally's
restaurants.  (Pl. Motion for Summary Judgment, Doc. No. 4 at
7.)  The franchise agreements provided that certain disputes
would be resolved by arbitration and that the Federal
Arbitration Act ("FAA") would govern.  (Id. at 7.)  After
Plaintiff submitted to the American Arbitration Association a
demand for arbitration arising from breaches of the franchise

1

agreements, but before the final arbitration hearing, the
parties entered into a Settlement Agreement.  (Id. at 7-8.)  The
Settlement Agreement provides that Plaintiff may petition to
confirm the Consent Final Award of Arbitrator ("Consent Award")
in Pennsylvania or Florida and that "the law of the jurisdiction
in which Checkers files the petition shall govern . . . ."
(Settlement Agreement, Doc. No. 1-2 at 11; Doc. No. 4 at 9.)
Then, the arbitrator entered the Consent Award on November 20,
2019, incorporated the provisions of the Settlement Agreement
into the Consent Award, and awarded $1,400,000.04 to Plaintiff.
(Doc. No. 4 at 6, 8; Consent Award of Arbitrator, Doc. No. 1-2
at 3.)  The parties then agreed to adjust the payment schedule
as set forth in the Amendment to the Settlement Agreement, which
provides that Defendant must make monthly payments through
January 10, 2021.  (Doc. No. 4 at 6, 8).

        Defendant made the initial payment of $116,666.67 but did
not make the January 10, 2020 payment or the February 10, 2020
payment, each of which total $56,666.67, and has not otherwise
paid since.  (Id. at 8).  Plaintiff filed a petition to confirm
the Consent Award in this Court on January 23, 2020, (id. at 6),
and filed this Motion on February 13, 2020.  Defendant has not
responded to Plaintiff's filings or otherwise made an appearance
in this case before this Court.  Plaintiff requests that we
confirm the Consent Award and enter judgment in favor of

                                    2

Plaintiff for $1,283,333.37, which is the remaining amount that
Defendant owes to Plaintiff pursuant to the Consent Award; costs
of $569.00; prejudgment interest at six-percent per annum; and
post-judgment interest at the rate that 28 U.S.C. § 1961
provides.  (Id. at 6-7.)

### **Analysis**

### Jurisdiction and Venue

Subject matter jurisdiction is proper under 28 U.S.C. §
1332(a)(1), as Plaintiff and Defendant are citizens of different
states and the amount in controversy exceeds $75,000.  §
1332(a)(1).  (See also Doc. No. 4 at 8.)

When parties to an arbitration agree that a certain Court
may enforce a prospective arbitration award, that Court, upon a
petition to confirm the award, has personal jurisdiction over
the non-movant.  PMA Capital Ins. Co. v. Platinum Underwriters
Bermuda, Ltd., 659 F. Supp. 2d 631, 635 (E.D. Pa. 2009), aff'd,
400 F. App'x 654 (3d Cir. 2010).  See also Greenwich Ins. Co. v.
Goff Grp., Inc., 159 F. App'x 409, 411–12 (3d Cir. 2005).  Here,
because the parties agreed that Courts located in Pennsylvania
may enforce this award, (Doc. No. 1-2 at 11; Doc. No. 4 at 9),
we have personal jurisdiction over Defendant.

### Legal Standard

To obtain summary judgment, a movant must show "that there
is no genuine dispute as to any material fact and the movant is

3

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Disputes about "material" facts are those that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Once the movant meets its initial burden, the nonmoving party must then "go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)) (internal citations omitted) (emphasis omitted). A "genuine" dispute exists if the non-movant establishes evidence "such that a reasonable jury could return a verdict" in their favor. Anderson, 477 U.S. at 248. "The court must review the record 'taken as a whole.'" Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000) (quoting Matsushita, 475 U.S. at 587)). At summary judgment, we must view the evidence and draw all inferences "in the light most favorable to the party opposing the motion." Matsushita, 475 U.S. at 587 (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). See also Horsehead Indus., Inc. v. Paramount Commc'ns, Inc., 258 F.3d 132, 140 (3d Cir. 2001).

### Request to Confirm the Consent Award

Several principles guide our analysis of whether to confirm the Consent Award. Generally, Courts are constrained to affirm

arbitration consent awards.  First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942 (1995); Intellisystem, LLC v. McHenry, 2019 WL 2715373, at *2 (E.D. Pa. June 26, 2019); Morgan Stanley Smith Barney LLC v. Walker, 2018 WL 2561062, at *5 (E.D. Pa. June 1, 2018).  See also 9 U.S.C. § 9.  However, in narrow circumstances, Courts may vacate or modify arbitration consent awards.  Id.; McHenry, 2019 WL 2715373, at *2.  A Court may vacate an award upon the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators . . . ;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, . . . or in refusing to hear evidence pertinent and material . . . ; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award . . . was not made.

9 U.S.C. § 10(a).  See also McHenry, 2019 WL 2715373, at *2. Courts have also vacated arbitration awards upon a finding of "manifest disregard" by arbitrators in their treatment of the underlying law – a standard that allows a Court to vacate an award upon determining that "there is 'absolutely no support at all in the record justifying the arbitrator's determinations.'" Id. at *3.

Additionally, a Court may modify or correct an award when at least one of the following circumstances arises: (1) there is

an "evident material" mistake or miscalculation; (2) the award concerns a material matter that was not submitted to the arbitrator; or (3) "the award is imperfect in matter of form not affecting the merits . . . ."  9 U.S.C. § 11.  <u>See also</u> <u>McHenry</u>, 2019 WL 2715373, at *3.

Lastly, under § 9 of the FAA, a party to an arbitration may apply to a Court to confirm the award within one year after the arbitrator issued the award.  9 U.S.C. § 9.

Here, Plaintiff filed a petition on January 23, 2020 to confirm the November 20, 2019 Consent Award pursuant to the FAA, (Doc. No. 1 at 1), and filed a Motion for Summary Judgment on February 13, 2020 after Defendants failed to respond, (Doc. No. 4).  Thus, Plaintiff's application to this Court is timely because Plaintiff applied to this Court to enforce the Consent Award well within one year of the November 2019 Consent Award. <u>See</u> 9 U.S.C. § 9.  Additionally, there is no evidence or argument that the arbitrator failed to consider the record, the parties' Settlement Agreement, or governing law, so we may not vacate or modify the Consent Award.  <u>See</u> <u>Walker</u>, 2018 WL 2561062, at *5.  Further, there are no disputes of material facts.  Accordingly, we must confirm the Consent Award, and we enter judgment in favor of Plaintiff and against Defendant for $1,283,333.37 in accordance with the Consent Award.

<u>Request for Interest and Costs</u>

Under the FAA, a Court confirming an arbitration award may grant prejudgment interest as from the date of the award until judgment.  <u>See</u> <u>Sun Ship, Inc. v. Matson Navigation Co.</u>, 785 F.2d 59, 63 (3d Cir. 1986).  Prejudgment interest accrues at the rate of six-percent per annum under Pennsylvania law.  41 P.S. § 202; <u>InterDigital Commc'ns Corp. v. Fed. Ins. Co.</u>, 607 F. Supp. 2d 718, 720 n.6 (E.D. Pa. 2009).  The FAA applies here, (Doc. No. 1 at 1), and the Consent Award, by incorporating the Settlement Agreement, provides that Pennsylvania law applies in this action, (Doc. No. 1-2 at 3, 11; Doc. No. 4 at 8, 9).  Thus, we grant prejudgment interest at the rate of six-percent per annum on the unpaid portion of the Consent Award from the date of the Consent Award, November 20, 2019, until the date of this judgment.

Plaintiff requests post-judgment interest pursuant to 28 U.S.C. § 1961.  § 1961 provides for District Courts to award post-judgment interest on monetary judgments in civil cases.  28 U.S.C. § 1961(a).  Specifically, in this jurisdiction, § 1961 provides for post-judgment interest in cases concerning confirmation of an arbitration monetary award.  <u>McHenry</u>, 2019 WL 2715373, at *5.  Thus, we grant post-judgment interest, according to the rate calculation that § 1961(a) provides, from the date of this judgment until payment.  § 1961(a).

Plaintiff requests $590 in costs to cover the expenses of the filing fee and service. (Doc. No. 4 at 9.) Rule 54(d)(1) allows Courts to award costs upon a petition to confirm an arbitration award. Fed. R. Civ. P. 54(d)(1). <u>See also</u> <u>McHenry</u>, 2019 WL 2715373, at *5. With this backdrop in mind, we grant Plaintiff's request for $590.00 in costs.

### <u>Conclusion</u>

We grant Plaintiff's Motion for Summary Judgment. An appropriate Order follows.